**IT IS ORDERED**

**Date Entered on Docket: May 13, 2021**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

LAVERN Y SAM
SSN / ITIN: xxx-xx-2514

    Debtor.          Case No. 13-20-10478-TA

**<u>STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY</u>**

    This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to PennyMac Loan Services, LLC, filed on March 31, 2021, (DOC 46) (the "Motion"), and the Debtor's (the "Objection") filed on April 20, 2021 (DOC 48). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a. On March 31, 2021, PennyMac Loan Services, LLC served the Motion and a Notice of the Motion (the "Notice") on James Clay Hume, Attorney for Debtor, and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Lavern Y Sam, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b. The Motion relates to the property located at 2401 Inca Rd Rio Rancho, New Mexico 87144, more fully described as:

> LOT NUMBERED TWELVE (12) IN BLOCK NUMBERED SEVENTEEN (17), RIO RANCHO ESTATES UNIT 17, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED, "BLOCKS 1 THRU 31, UNIT SEVENTEEN", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NBN MEXICO, ON DECEMBER 12, 1968 IN PLAT BOOK NUMBER 1, PAGE 79,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of twenty-one (21) days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The objection deadline expired on April 26, 2021;

f. On April 20, 2021 the Debtor filed an Objection to the Motion;

g. As of April 26, 2021, the Trustee nor any other party in interest, filed an objection to the Motion;

h. The Court being advised of both the Debtor's and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered CitiFinancial's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on PennyMac Loan Services, LLC's Note (the "Note") and Mortgage for January 1, 2021 through April 1, 2021, being Three (3) payments of $1,512.26 each, plus one (1) payment of $1,513.64 each, less a credit of <$963.22>, **for a total post-petition payment arrearage amount through April 13, 2021 of $5,087.20**.

2. The first payment of $874.87 is due by May 15, 2021, the second payment of $874.87 is due by June 15, 2021, the third payment of $874.87 is due by July 15, 2021, the fourth payment of $874.87 is due by August 15, 2021, the fifth payment of $874.86 is due by September 15, 2021, and the final payment of $874.86 is due by October 15, 2021. **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $5,087.20 by October 15, 2021**. These payments shall include the loan number and will be made in certified funds and will be delivered to:

   PennyMac Loan Services, LLC
   PO Box 660929
   Dallas, TX 75266

The Debtor shall continue to make the regular monthly mortgage payments in the current amount of $1,513.74 as they come due (unless otherwise notified by PennyMac Loan Services, LLC), commencing with the May 1, 2021 payment and continuing thereafter.

3.	In the event the Debtor fails to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtor's counsel. The Debtor will have ten (10) days from the filing of a Notice of Default to cure the default. There will be $100.00 in attorney's fees associated with the filing of any such Notice. **The Debtor will only receive two (2) such Notices**. If the Debtor fails to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtor's bankruptcy filing will be lifted as ordered herein, so that PennyMac Loan Services, LLC may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4.	**In the event that the Debtor defaults a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that PennyMac Loan Services, LLC may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5.	In the event the Debtor defaults and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to PennyMac Loan Services, LLC pursuant to the Debtor's Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by PennyMac Loan Services, LLC for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in PennyMac Loan Services, LLC's Note and Mortgage. Said property is located at 2401 Inca Rd, Rio Rancho, New Mexico 87144 (the "Property"), more fully and completely described as:

> LOT NUMBERED TWELVE (12) IN BLOCK NUMBERED SEVENTEEN (17), RIO RANCHO ESTATES UNIT 17, AS THE SAME IS SHOWN AND DESIGNATED ON THE PLAT ENTITLED, "BLOCKS 1 THRU 31, UNIT SEVENTEEN", FILED IN THE OFFICE OF THE COUNTY CLERK OF SANDOVAL COUNTY, NBN MEXICO, ON DECEMBER 12, 1968 IN PLAT BOOK NUMBER 1, PAGE 79,

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtor and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and PennyMac Loan Services, LLC may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtor and proper notice of the default to the Trustee, the Trustee shall cease making payments to PennyMac Loan Services, LLC pursuant to Debtor's Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to PennyMac Loan Services, LLC after sale of the Property shall be set forth in an Amended Proof of Claim filed by PennyMac Loan Services, LLC and shall be subject to the Bankruptcy Code should this

bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtor's default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and PennyMac Loan Services, LLC may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By  */s/Elizabeth Dranttel e-signed*
    ELIZABETH DRANTTEL
    Attorneys for PennyMac Loan Services, LLC
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    elizabeth.dranttel@roselbrand.com

APPROVED BY:

HUME LAW FIRM

By *Approval received via email on 5.6.21*
    JAMES CLAY HUME
    Attorney for Debtor
    PO Box 10627
    Alameda, NM  87184-0627
    Telephone: (505) 888-3606
    james@hume-law-firm.com


By *Approval received via email on 5.7.21*
    Tiffany M. Cornejo, Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: (505) 243-1335
    orders@ch13nm.com

COPY TO:

Lavern Y Sam, Debtor
2401 Inca Road, NE
Rio Rancho, NM 87144

5613-233-FB 7648730.doc smc

7

Case 20-10478-t13    Doc 49    Filed 05/13/21    Entered 05/13/21 13:54:49 Page 7 of 7